﻿Citation Nr: 18142038
Decision Date: 10/12/18 Archive Date: 10/12/18

DOCKET NO. 14-41 682
DATE: October 12, 2018
ORDER
Entitlement to service connection for a bilateral ankle disability is denied.
REMANDED
Entitlement to service connection for a left knee disability is remanded.
Entitlement to service connection for a right knee disability is remanded.
Entitlement to service connection for a low back disability is remanded.

FINDING OF FACT
The Veteran does not have a bilateral ankle disability.
CONCLUSION OF LAW
A bilateral ankle disability was not incurred in, or aggravated by service. 38 U.S.C. §§ 1110, 1131, 5013, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty as an enlisted soldier from July 1975 to July 1977 and as a commissioned officer from September 1980 to June 1992.
The Board acknowledges that additional evidence was added to the claims file after the January 2016 supplemental statement of the case (SSOC), including service treatment records (STR). The Board is required to return pertinent evidence that is not accompanied by a waiver of consideration of the AOJ. Evidence is not pertinent if it does not relate to or have a bearing on the appellate issues. 38 C.F.R. § 20.1304. Neither the Veteran nor his representative has waived AOJ consideration of the additional STRs. 
However, as explained in further detail below, the STRs do not document any complaints or medical findings suggestive of any ankle disability or pain and instead document normal ankles. 
Because the Veteran’s STRs do not reflect any ankle injury, disease, pain, or impairment, the Board finds that the new evidence received since the January 2016 SSOC is cumulative and does not have a bearing on the issue on appeal and the reasons for the Board’s finding. The appeal does not require return to the AOJ.

Service Connection
A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. §§ 1110, 1131. To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” - the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 
Service connection may also be granted for a disease shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in-service. 38 C.F.R. § 3.303(d). Service connection for chronic disease may be granted if manifest to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.
For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “Chronic.” When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. 3.303(b). Service connection for a recognized chronic disease can also be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303(b), 3.309.
Furthermore, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111; 38 C.F.R. § 3.304(b).
A disability which is proximately due to or the result of a service-connected disease or injury shall be service-connected. 38 C.F.R. § 3.310(a). Any increase in severity of a non-service connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease or injury will be service-connected. 38 C.F.R. § 3.310(b).
The Board notes that the Veteran is not asserting that his claimed disability resulted from him engaging in combat with the enemy. Therefore, the combat provisions of 38 U.S.C. § 1154(b) are not applicable. 
Under applicable criteria, VA shall consider all lay and medical evidence of record in a case with respect to benefits under laws administered by VA. In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
Entitlement to Service Connection for a Bilateral Ankle Disability
The Veteran contends that service connection is warranted for a bilateral ankle disability, stemming from a motor vehicle accident (MVA) that occurred in service.
The Veteran’s service treatment records (STR) are associated with the claims file. A June 1974 report of medical history reflects that the Veteran denied any joint pain and an examination also determined that the Veteran’s lower extremities were normal. The Veteran’s STR’s document a MVA that occurred in October 1976. The Veteran reported neck and left knee pain. The Veteran was diagnosed with a neck strain. Subsequent treatment from the accident reflects that the Veteran experienced shoulder and neck pain, there is no mention of ankle pain. 
A July 1984 examination determined that the Veteran’s lower extremities and feet were normal. September 1986 records show that the Veteran denied any chronic medical issues. The Veteran completed a Report of Medical History in March 1988. He denied foot trouble or arthritis, and reported that he was in excellent health. A corresponding examination found his lower extremities and feet to be normal. An April 1992 separation examination is also in the claims file. The examination determined that the Veteran’s lower extremities and feet were normal. In his corresponding Report of Medical History form, the Veteran reported swollen or painful joints and foot trouble. He explained that his knees swelled and were painful after exercise, and that he had pain in the left arch of his foot. STRs do not reflect any treatment for or manifestations of a bilateral ankle injury.
In March 2011, the Veteran sought treatment for back and hip pain, he denied other joint pain, arthralgias, joint swelling, muscle pain or cramps and myalgias. See March 2011 private treatment records. In September 2011 and February 2012 statements, the Veteran again reported that he injured his ankles in the 1976 MVA and reinjured them during annual physical training tests, playing basketball, and performing strenuous activities. 
The Veteran attended a VA examination in August 2014. The Veteran reported vague, bilateral ankle pain since the October 1976 MVA. The examination revealed no objective painful motion, no reported flare-ups, normal range of motion, no localized tenderness or pain on palpation of the joints, and full muscle strength. Diagnostic testing revealed normal ankles. No abnormalities were found and the examiner determined that the Veteran did not have an ankle disability. 
November 2014 private physical therapy records reflect that the Veteran reported always experiencing pain in his ankles, among other joints. 
The Veteran attended a Board hearing in March 2018. He testified that he did not have any diagnosis regarding an ankle condition, and that there wasn’t any medical documentation regarding his ankles. He then said he was told he had arthritis in his ankles, but he did not say who told him that he had that condition or whether it was a medical professional.
The Board finds that the Veteran does not have an ankle disability during the period of the appeal. Service connection requires a showing of a current disability. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). A current disability is shown if the claimed condition is demonstrated at the time of the claim or while the claim is pending. McClain v. Nicholson, 21 Vet. App. 319 (2007). In the absence of proof of a present disability (and, if so, of a nexus between that disability and service), there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 
The Court has held that the requirement for service connection that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim even though the disability resolves prior to the Secretary’s adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); see also Romanowsky v. Shinseki, 26 Vet. App. 289, 321 (2013) (held that when the record contains a recent diagnosis of disability prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency). 
The Board finds there is no credible persuasive evidence indicating that the Veteran suffers from an ankle disability. The Board finds the August 2014 VA examination to be the most probative evidence of record. Additionally, there is only one mention of ankle pain in the Veteran’s private physical therapy records from November 2014, only a few months after he denied any ankle pain, and additional private treatment records in the claims file fail to include any complaints of or treatment for an ankle disability or pain. Where pain alone results in functional impairment, even if there is no identified underlying diagnosis, it can constitute a disability. However, subjective pain in and of itself will not establish a current disability. Consideration should be given to the impact, or lack thereof, from pain, focusing on evidence of functional limitation caused by pain. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir., 2018). Here, the evidence does not show any functional limitations of the ankles during the period of the appeal. 
Furthermore, although he testified that he was told he had arthritis, the diagnostic testing performed at the August 2014 VA examination determined that his ankles were normal. 
As such, the Board finds that a preponderance of the evidence is against the claim for service connection a bilateral ankle disability. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable, and the claim must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
REASONS FOR REMAND
1. Entitlement to Service Connection for a Left Knee Disability is Remanded.
2. Entitlement to Service Connection for a Right Knee Disability is Remanded
3. Entitlement to Service Connection for a Low Back Disability is Remanded.
The Veteran contends that service connection is warranted for a bilateral knee disability and a low back disability, stemming from a motor vehicle accident (MVA) that occurred in service and from rigorous Army physical training including his service as a trainee company officer.
The Veteran was afforded a VA examination as to left knee in October 2012. If VA provides an examination that examination and opinion must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The examiner noted that the Veteran had a surgical scar on the medial aspect of his knee. See August 2014 VA examination. The examiner determined that the Veteran’s current left knee disability was due to normal wear and tear.
The Veteran attended a VA examination in April 2013 for his back. The Veteran denied pain or flare-ups. The examiner determined that the Veteran did not have a low back disability. 
In June 2013 correspondence, the Veteran refuted some of the findings in the October 2012 and April 2013 examination. He stated that he never had surgery on his knee, and that while he was not experiencing back pain at the time of the April 2013 VA examination, he did in fact have periodic pain. See June 2013 Correspondence. 
The Veteran attended another VA examination in August 2014. Following an examination and a review of the claims file, the examiner concluded that the Veteran’s back and knee pain were not the result of his military service. The examiner did not provide any explanation or rationale. Furthermore, relevant STRs were added to the claims file in June 2018, and were not considered in the examiner’s opinion. 
In March 2018, the Veteran submitted a private medical opinion which determined that the October 1976 MVA could have started the process that lead to the Veteran’s current back and knee disabilities. The opinion was conditional, and explanation and rationale were not provided. 
As such, the Board finds a remand is warranted for a new examination to determine if the Veteran’s back disability and right and left knee disabilities are related to service. 
The matter is REMANDED for the following action:
Schedule the Veteran for appropriate VA examination(s) for his claimed low back and right and left knee disabilities. 
The electronic claims file should be provided to the appropriate examiner(s) for review, and the examiner(s) should note that it has been reviewed. After reviewing the file, obtaining a history directly from the Veteran, and conducting a thorough examination, as well as any diagnostic studies deemed necessary, the examiner should offer an opinion as to whether any back and right and left knee disability was incurred in or is otherwise related to service. 
The examiner(s) should consider the Veteran’s October 1976 motor vehicle accident, as well as the periodic treatment for low back pain and left knee pain documented throughout his STRs. See February 1976, August 1976, and June 1984 STRs. The examiner should also consider the Veteran’s reports of rigorous Army training. See statements dated September 2011 and February 2012. 
The examiner(s) should also consider, and reconcile to the extent necessary, the March 2018 private medical opinion.
The term “at least as likely as not” does not mean “within the realm of medical possibility.” Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 
The examiner(s) should provide a complete explanation for any opinion provided.

 
J.W. FRANCIS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. Fitzgerald, Associate Counsel